UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATSY ENOS,

    *Plaintiff,*             CASE NO: 19-CV-13797
                                DISTRICT JUDGE THOMAS L. LUDINGTON
*v.*                             MAGISTRATE JUDGE PATRICIA T. MORRIS

JOSEPH WENTA,
METROPOLITAN LIFE
INSURANCE COMPANY,

    *Defendants.*
_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION TO REMAND (ECF NO. 5) AND MOTION FOR INTERPLEADER DEPOSIT (ECF NO. 6.)**

**I.    RECOMMENDATION**

For the reasons stated below, **IT IS RECOMMENDED** that the Joint Motion to Remand (ECF No. 5) be **DENIED** and that the Motion for Interpleader Deposit (ECF No. 6) be **DENIED**.

**II.    REPORT**

    **A. Background**

This case was removed from the Probate Court for the County of Tuscola on November 25, 2019. (ECF No. 1, PageID.10.) The Complaint avers that Defendant Joseph Wenta ("Wenta"), as Personal Representative of the decedent John Hayward's estate, unduly influenced the decedent into changing the beneficiary of his life insurance policy

issued by Defendant Metropolitan Life Insurance Company ("Met Life"). Before the change, Plaintiff Patsy Enos ("Plaintiff" or "Enos") was the sole primary beneficiary of the policy. After the change, Defendant Wenta was the sole primary beneficiary. Plaintiff asserts that at the time of the change in beneficiary, April 2, 2019, the decedent was in Hospice Care and "physically and mentally unsound, and unable to make reasoned decisions concerning his affairs." (ECF No. 1, PageID.11.) Decedent died on April 7, 2019. (*Id.*)

The alleged basis for removal was federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, alleging that the cause of action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq*. No one contends that the Plan is not an ERISA regulated plan.

This case was referred to the undersigned to determine all pretrial matters. (ECF No. 3.) On January 15, 2020, Plaintiff and Defendant Wenta filed the instant joint motion to remand (ECF No. 5), Defendant Met Life responded (ECF No. 9), and Plaintiff replied. (ECF No. 10.) On that same day, January 15, 2020, Defendant Met Life filed the instant motion for interpleader deposit (ECF No. 6), Plaintiff responded (ECF No. 11), and Defendant Met Life replied. (ECF No. 13.) The Court has reviewed and considered all the arguments raised in the above documents.

**B. Analysis and Conclusions**

**1. Whether removal was proper (ECF No. 5)**

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). In addition, here, Plaintiff and

Defendant Wenta, have filed the instant joint motion for remand based on improper removal. (ECF No. 5.)

The removal statute, 28 U.S.C. § 1441, allows state court defendants to remove "any civil *action*" to a federal district court that has "original jurisdiction" to hear that "*action*." It is well established that the statute thus permits removal only when the district court can exercise original jurisdiction over the precise action in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (same). Only two bases of original jurisdiction exist, either federal question jurisdiction or diversity jurisdiction. The first provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, under 28 U.S.C. § 1332, creates diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds $75,000. If the Court lacks subject matter jurisdiction over a case removed to it, "the case shall be remanded" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

This statutory structure necessarily precludes defendants from removing the case to federal court on any other jurisdictional ground. Supplemental jurisdiction under 28 U.S.C. § 1367 is one such prohibited basis. It is premised on the district courts already having "original jurisdiction" over an action, and merely allows the courts to hear "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a).

Courts exercise this jurisdiction where the "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Whatever the claims' relationship, the statute clearly is not a grant of original jurisdiction. *Ahearn*, 100 F.3d at 456.

Accordingly, courts have long held that they will not allow removal where the only basis for jurisdiction over the state action is supplemental jurisdiction; this holds even if the court could exercise supplemental jurisdiction over that action had it been first filed in federal court. *See, e.g., id. (*collecting cases and holding, "a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute . . . even if the action which a defendants seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction"); *Wrobbel v. Asplundh Const. Corp.*, 549 F. Supp. 2d 868, 876-77 (E.D. Mich. 2008) (same); *Port Authority of N.Y. & N.J. v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D. N.Y. 2006) (same); *McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D. N.Y. 2001) (same); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.*, 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) (same); *see also* 14B Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3721 (4th ed. 2009) ("This requirement that all of the conditions for original jurisdiction must be satisfied [before removal is allowed] has been enforced in innumerable cases, decided by courts at all levels of the federal judiciary.").

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).

Removal statutes should be narrowly construed because federal courts have limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Cases "aris[e] under" federal law, providing federal question jurisdiction, in two ways. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). First, a federal law can create the plaintiff's cause of action. *Id.* Thus, in *American Well Works Co. v. Layne & Bowler Co.*, Oliver Wendell Holmes, Jr. wrote, "A suit arises under the law that creates the cause of action." 241 U.S. 257, 260 (1916). The readily apparent origin of the claim, state or federal, decides jurisdiction. Second, the Supreme Court has established that, in a narrow class of cases, federal jurisdiction exists where an important federal issue is entangled with a state claim. *Gunn*, 133 S.Ct. at 1064-65. The first path is by far the more common.

The basic rule guiding the analysis along both paths, called the well-pleaded complaint rule, determines the issue based on the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). *See also Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). That is, "[i]f the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek*,

491 F.3d at 325 (citations omitted). "Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quotation omitted). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar*, 482 U.S. at 393. A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

Fixing the scope of the second path has proven vexing. State and federal legal issues often intertwine, obscuring the disputed law at stake in the plaintiff's complaint. Holmes proposed in vain his simple and clear rule from *American Well Works* as the solution for this issue. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 214 (1921) (Holmes, J., dissenting) ("But it seems to me that a suit cannot be said to arise under any other law than that which creates the cause of action. . . . [F]or it is the suit, not a question in the suit, that must arise under the law of the United States."). The operative holding in *Smith*, however, was only slightly broader, allowing jurisdiction where it "appears from the [complaint] that the right to relief depends upon the construction or application of the Constitution or laws of the United States . . . ." *Id.* at 199 (majority opinion).

Subsequent cases tinkered with the bounds of that rule, "trimming" it and "shying away from the expansive view that the mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). In what the Sixth Circuit has characterized as an exception to the well-pleaded complaint rule, *Mikulski v. Centerior Energy Corp.*, 501 F.3d

555, 560 (6th Cir. 2007), the Supreme Court developed the substantial-federal-question doctrine to answer when a case satisfies the second branch to "arising under" jurisdiction. *Gunn*, 133 S.Ct. at 1065 (citing *Grable*, 545 U.S. at 314). The current test finds "jurisdiction over a state law claim . . . if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

The doctrine hews closely to the well-pleaded complaint rule, and does not jettison the requirement that no matter how substantial the federal question, it must still appear in the elements of the plaintiff's claim. *See Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756-57 (E.D. Ky. 2014). As the rule states, it is the plaintiff's claim that must "necessary raise[]" the federal issue. For example, the state-law claim may contain an element requiring the plaintiff to prove the defendant violated a federal statute, *see Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 817 (1986), or the complaint may reference a violation of public policy based on federal law, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006). At base, "the disputed question of federal law" must be "a necessary element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd.*, 463 U.S. at 13; *see also Jenkins*, 984 F. Supp.at 879-80 (holding that the plaintiffs' state-law claims raised a federal issue because the success of those claims necessarily raised and turned on whether the defendants violated federal statutory requirements). In other words, the federal issue must be wrapped up in the complaint; it is not enough that the plaintiff might ultimately lose based on a federal defense.

In the instant case, federal jurisdiction is asserted by Defendant based on federal question jurisdiction, more specifically, ERISA. Although determining whether a change in designation of beneficiary was the product of undue influence sounds like a State Probate Court question rather than a topic for federal court, "claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law." *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). "Questions regarding competing claimants to proceeds of life insurance policies due to alleged forgery on the beneficiary designation form or any alleged exercise of undue influence are preempted by ERISA[.]" *Metropolitan Life Ins. Co. v. Hoenstine*, 2017 WL 4036301, at *2 (E.D. Mich. Sept. 13, 2017) (citing *Tinsley, supra*). "Because ERISA provides no relevant statutory language, and because no federal common law governs, courts must 'look to state-law principles for guidance.'" *Metropolitan Life Ins. Co. v. Davis*, 2010 WL 3941449, at *1 (E.D. Mich. Oct. 6, 2010) (determining that because factual issues existed regarding the competency of the decedent and the undue influence exerted over the decedent, a bench trial was needed to resolve the question whether the change in beneficiary was valid).

Accordingly, I suggest that this case was properly removed such that Plaintiff and Defendant Wenta's motion to remand based on improper removal (ECF No. 5) should be denied.

### 2. Defendant Met Life's motion for interpleader deposit (ECF No. 6)

Met Life argues that it should be allowed to deposit the life insurance benefits with the court and then be dismissed from the action since "[o]ther than seeking Plan benefits,

neither Plaintiff nor Defendant Wenta is making any claim against Met Life." (ECF No. 6, PageID.48.) Defendant Met Life further states that "[b]ecause there are questions of law and fact, MetLife is unable to make a determination regarding the proper payee of the Plan benefits and has no interest in such benefits other than acknowledging that such benefits are payable to the proper beneficiary." (*Id*.) The amount of life insurance benefits at issue is $62,500. (ECF No. 6, PageID.57.) Met Life seeks attorney fees arising from having to file this contested motion. (ECF No. 6, PageID.50.) Defendant Met Life cites 28 U.S.C. § 1335. (ECF No. 6, PageID.57.) Plaintiff responds that diversity is needed for jurisdiction under § 1335 which does not exist since Plaintiff and Defendant Wenta are both residents of Michigan. In addition, because both Plaintiff and Defendant Wenta are residents of Michigan, Met Life does not run the risk of double liability in multiple jurisdictions. Plaintiff maintained its argument that this court would lack federal question jurisdiction and argued that Defendant Met Life's motion should be denied for lack of jurisdiction as well. (ECF No. 11.) Defendant Met Life replies that its "request to deposit the life insurance benefits with the Court is consistent with the purpose of the Federal Interpleader Act" and that removal was proper under federal question jurisdiction based on ERISA. (ECF No. 13, PageID.156.)

Statutory "[i]nterpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir.

2007) (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1704 (3d ed. 2001)). As a court in this District has explained,

> [o]nce the court concludes that interpleader is available, it typically: (a) orders the stakeholder to deposit with the court the fund or property at issue; (b) discharges the stakeholder it is a disinterested party; (c) enjoins the parties from prosecuting any other proceeding related to the fund or property; and (d) directs the claimants to litigate their claims to the property or fund at issue.

*Allstate Life Ins. Co. v. Shaw*, 2016 WL 1640461, at *3 (E.D. Mich. Apr. 26, 2016). The relevant statute, 28 U.S.C. § 1335(a), states that

> district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if (1) two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property.

The super factor for determining whether interpleader is appropriate is "'whether the stakeholder legitimately fears multiple vexation directed against a single fund or property.'" *High Tech. Prods.*, 497 F.3d at 642 (citation omitted).

In the instant case, the dollar amount is easily met; however, I suggest that Plaintiff is correct in noting that there is no diversity of citizenship among the two claimants, Defendant Wenta and Plaintiff. I further suggest that this fact also goes against the main purpose of interpleader actions, *i.e.*, to protect the stakeholder from "multiple vexation." It is understandable that Met Life would like to simply turn the life insurance proceeds over

to the court and then let the court decide to whom the proceeds should be paid. This process would meet some of the underlying rationale for interpleader actions. However, this action was not filed as an interpleader action, nor was it removed on that basis. It was filed by Plaintiff and it was removed by Defendant Met Life based not on interpleader but rather based on federal question jurisdiction under ERISA. I suggest that Defendant Met Life cannot have it both ways, asserting federal question jurisdiction for removal and then attempting to characterize the jurisdictional basis under interpleader. I also note, on a more obvious note, that this case was not filed by Met Life as Plaintiff seeking interpleader under § 1335. More importantly, as noted above, diversity of citizenship is not met in this case.

I also find that even though not offered as a basis for its motion, that rule interpleader does not apply in this case either. Fed. R. Civ. P. 22 requires any interpleader by a Defendant to seek interpleader through a crossclaim or counterclaim if it would otherwise be "expose[d]" to "double or multiple liability." Here, Defendant has not filed any such cross or counterclaim.

Accordingly, I recommend that Defendant Met Life's motion for interpleader deposit and to be dismissed from the case (ECF No. 6) be denied.

The undersigned further suggests that attorney fees should not be assessed since Defendant Met Life's motion was denied and even if Defendant Met Life had been successful, fees would not be appropriate because Plaintiff and Defendant Wenta had good cause not to concur in Defendant Met Life's motion since they were awaiting the court's decision as to whether it possessed jurisdiction over the case.

### C. Conclusion

For all the reasons stated above, it is recommended that Plaintiff and Defendant Wenta's joint motion to remand (ECF No. 5) be denied and that Defendant Met Life's motion for interpleader deposit and to be dismissed from the case (ECF No. 6) be denied.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.

R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 24, 2020                              S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: March 24, 2020                              By s/Kristen Castaneda
                                                  Case Manager