UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATSY ENOS,

                Plaintiff,

v                                                    Case No. 19-13797
                                                    Honorable Thomas L. Ludington
JOSEPH WENTA, and                      Magistrate Judge Patricia Morris
METROPOLITAN LIFE
INSURANCE COMPANY

                Defendants.
_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

        On or about November 25, 2019, Plaintiff Patsy Enos filed a complaint in the Probate Court of Tuscola County, Michigan against Defendants Joseph Wenta and Metropolitan Life Insurance Company ("MetLife"). ECF No. 1. Wenta is the personal representative for the estate of John Hayward. *Id.* at PageID.11. Enos claims that she is the sole beneficiary of Hayward's General Motors Life and Disability Benefits Program ("Plan"). *Id.* at PageID.2, 11. She alleges that after Hayward had been admitted to hospice care, Hayward changed the Plan's beneficiary to Wenta. *Id.* at PageID.11. Enos claims that "Hayward was infirm, physically and medically unsound, and unable to make reasoned decisions concerning his affairs." *Id.* Hayward died five days later on April 7, 2019. *Id.* Plaintiff claims that the change of beneficiary is invalid because it was the result of Wenta's undue influence over Hayward. *Id.* at PageID.12.

        At the time of filing the complaint, MetLife was holding the policy funds pending a determination of Hayward's competency at the time he changed the Plan beneficiary. ECF No. 1 at PageID.16. It sent a letter to Defendant Wenta's attorney (Gregory Schrot) and Plaintiff, explaining that there was a dispute regarding the designation of the Plan's beneficiary. It provides:

> We have thoroughly reviewed your claims to the referenced benefits. Unfortunately, Ms. Enos' claim, based on the beneficiary designation dated November 13, 2015, and Atty. Schrot's client's claim, based on the beneficiary designation dated April 2, 2019, are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing the plan to the danger of double liability.
>
> **What you need to know**
> - Plan Participant: John Hayward
> - Plan Name & Group No.: General Motors/15500 (Basic Life Insurance)
> - Claim No.: 21905004621
> - Amount: $62,500.00
> - Mr Schrot's Client: Joseph Wenta - Successor Trustee of the John Hayward Revocable Living Trust dated April 2, 2019

ECF No. 1 at PageID.16.

On December 27, 2019, MetLife removed the claim to this Court. ECF No. 1. It reasoned that federal jurisdiction existed pursuant to the Employee Retirement Income Security Act ("ERISA"). All pretrial matters were referred to Magistrate Judge Morris. ECF No. 3.

On January 15, 2020, Plaintiff Enos and Defendant Wenta filed a joint motion to remand the case. ECF No. 5. They argued that though the Plan is regulated by ERISA, it "does not 'arise' under federal law as the only issue presented is one purely of state law and interpretation; to wit, the validity of a beneficiary designation." *Id.* at PageID.28.

That same day, MetLife filed a motion to deposit the Plan funds with the Court and to be dismissed as a defendant. ECF No. 6. It represented that it had no interest in the case or the Plan benefits "other than acknowledging that such benefits are payable to the proper beneficiary." *Id.* at PageID.48.

On March 24, 2020, Judge Morris issued a report recommending that both motions be denied. ECF No. 14. She recommended denying Plaintiff Enos's and Defendant Wenta's joint motion to remand because:

> Although determining whether a change in designation of beneficiary was the product of undue influence sounds like a State Probate Court question rather than a topic for federal court, "claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law."

*Id.* at PageID.170 (quoting *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000)).

Judge Morris further recommended denying MetLife's motion to deposit the Plan funds with the Court because:

> It is understandable that Met Life would like to simply turn the life insurance proceeds over to the court and then let the court decide to whom the proceeds should be paid. This process would meet some of the underlying rationale for interpleader actions. However, this action was not filed as an interpleader action, nor was it removed on that basis. It was filed by Plaintiff and it was removed by Defendant Met Life based not on interpleader but rather based on federal question jurisdiction under ERISA. I suggest that Defendant Met Life cannot have it both ways, asserting federal question jurisdiction for removal and then attempting to characterize the jurisdictional basis under interpleader. I also note, on a more obvious note, that this case was not filed by Met Life as Plaintiff seeking interpleader under § 1335. More importantly, as noted above, diversity of citizenship is not met in this case.

*Id.* at PageID.172–73.

Only MetLife filed an objection to the report. ECF No. 15. Because neither Plaintiff nor Defendant Wenta objected to Judge Morris' recommendation, their motion to remand will be denied.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the

basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

As explained above, Plaintiff and Defendant Wenta's joint motion to remand will be denied because neither party objected to Judge Morris' recommendation that the motion be denied. Federal jurisdiction exists because the Plan is governed by ERISA. The Sixth Circuit has explained:

> The Supreme Court has explained that a suit by a beneficiary to recover benefits from an ERISA-covered plan "falls directly under § 502(a)(1)(B) of ERISA, [29 U.S.C. § 1132(a)(1)(B),] which provides an exclusive federal cause of action for resolution of such disputes." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62–

> 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Moreover, this court has held that claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law. *See, e.g., Metropolitan Life Ins. Co. v. Marsh,* 119 F.3d 415, 420 (6th Cir.1997); *Pressley,* 82 F.3d at 129; *McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990) ("The designation of beneficiaries plainly relates to these ERISA plans, and we see no reason to apply state law on this issue.").

*Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). Accordingly, this Court has jurisdiction to hear Plaintiff's complaint.

### III.

MetLife objected to Judge Morris's recommendation to deny its motion to deposit the Plan funds and be dismissed. MetLife claims that the motion qualifies for an interpleader, which is "an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prod., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1704 (3d ed. 2001)).

MetLife brought its motion pursuant to 28 U.S.C. § 1335, which provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

> (1) Two or more adverse claimants, of diverse citizenship…are claiming or may claim to be entitled to such money or property…and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court…

28 U.S.C. § 1335; ECF No. 6 at PageID.57–58. An important factor to be considered in determining whether to entertain an interpleader action is "whether the stakeholder legitimately fears multiple vexation directed against a single fund [or property]." *High Tech. Prods.*, 497 F.3d at 642 (citation omitted).

MetLife contends that Judge Morris erred when she recommended denying its motion. It cites to *Tennyson v. Metropolitan Life Ins. Co.* in which Judge Goldsmith granted MetLife's interpleader action. Case No. 16-13799, ECF No. 29 (E.D. Mich. July 21, 2017). However, MetLife does not explain why it should be granted an exception to the diversity requirement of 28 U.S.C. § 1335. The statute mandates that there exist "[t]wo or more adverse claimants, of *diverse citizenship*." 28 U.S.C. § 1335(a)(1) (emphasis added). The statute is clear that the adverse parties must be diverse. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) ("This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants…"). There is a lack of diversity in this case because the two claimants, Plaintiff Enos and Defendant Wenta, are both Michigan residents.

MetLife is not entitled to relief under 28 U.S.C. § 1335. However, Federal Rule of Civil Procedure 67 permits a party to deposit funds with the Court under certain circumstances. It provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. Pr. 67. It is unclear why Plaintiff and Defendant Wenta would object to the dismissal of MetLife as a defendant once MetLife deposits the Plan funds with the Court pursuant to Rule 67. The only relief that Plaintiff seeks in her complaint from MetLife is the Plan funds. Nothing

- 7 -

more. After depositing the Plan funds, Metlife presumably would have no other role to play as a party in the litigation, notwithstanding the fact that its employees might be relevant witnesses. Plaintiff has filed a motion to compel depositions for certain MetLife employees. ECF No. 17. However, MetLife does not have to be a party to the litigation in order for Plaintiff to obtain these depositions. Such information can be obtained through a subpoena.

### IV.

Accordingly, it is **ORDERED** that Plaintiff and Defendant Wenta are directed to submit either separate or joint supplemental briefing by **July 10, 2020** explaining why MetLife should not be permitted to deposit the Plan funds with the Court pursuant to Rule 67 and be dismissed as a defendant. The briefing may not exceed **3 pages** in length.

Dated: June 29, 2020                          s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge