UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATSY ENOS,

                Plaintiff,

v                                                 Case No. 19-13797
                                                 Honorable Thomas L. Ludington
JOSEPH WENTA,                       Magistrate Judge Patricia Morris
METROPOLITAN LIFE
INSURANCE COMPANY

                Defendant.
_____/

**ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO REMAND, DENYING MOTION TO DEPOSIT FUNDS PURSUANT TO THE INTERPLEADER ACT, DIRECTING DEFENDANT METLIFE TO DEPOSIT FUNDS PURSUANT TO RULE 67, GRANTING IN PART MOTION TO COMPEL, GRANTING IN PART MOTION FOR PROTECTIVE ORDER, AND DENYING MOTION TO STRIKE SUPPLEMENTAL BRIEFING**

On or about November 25, 2019, Plaintiff Patsy Enos filed a complaint in the Probate Court of Tuscola County, Michigan against Defendants Joseph Wenta and Metropolitan Life Insurance Company ("MetLife"). ECF No. 1. Wenta is the personal representative for the estate of John Hayward. *Id.* at PageID.11. Enos claims that she is the sole beneficiary of Hayward's General Motors Life and Disability Benefits Program ("Plan"). *Id.* at PageID.2, 11. She alleges that after Hayward had been admitted to hospice care, Hayward changed the Plan's beneficiary to Wenta. *Id.* at PageID.11. Enos claims that "Hayward was infirm, physically and medically unsound, and unable to make reasoned decisions concerning his affairs." *Id.* Hayward died five days later on

April 7, 2019. *Id.* Plaintiff claims that the change of beneficiary is invalid because it was the result of Wenta's undue influence over Hayward. *Id.* at PageID.12.

At the time of filing the complaint, MetLife was holding the policy funds pending a determination of Hayward's competency at the time he changed the Plan beneficiary. ECF No. 1 at PageID.16. It sent a letter to Defendant Wenta's attorney (Gregory Schrot) and Plaintiff, explaining that there was a dispute regarding the designation of the Plan's beneficiary. It provides:

> We have thoroughly reviewed your claims to the referenced benefits. Unfortunately, Ms. Enos' claim, based on the beneficiary designation dated November 13, 2015, and Atty. Schrot's client's claim, based on the beneficiary designation dated April 2, 2019, are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing the plan to the danger of double liability.
>
> **What you need to know**
> - Plan Participant: John Hayward
> - Plan Name & Group No.: General Motors/15500 (Basic Life Insurance)
> - Claim No.: 21905004621
> - Amount: $62,500.00
> - Mr Schrot's Client: Joseph Wenta - Successor Trustee of the John Hayward Revocable Living Trust dated April 2, 2019

ECF No. 1 at PageID.16.

On December 27, 2019, MetLife removed the claim to this Court. ECF No. 1. It reasoned that federal jurisdiction existed pursuant to the Employee Retirement Income Security Act ("ERISA"). All pretrial matters were referred to Magistrate Judge Morris. ECF No. 3.

On January 15, 2020, Plaintiff Enos and Defendant Wenta filed a joint motion to remand the case. ECF No. 5. They argued that though the Plan is regulated by ERISA, it "does not 'arise' under federal law as the only issue presented is one purely of state law and interpretation; to wit, the validity of a beneficiary designation." *Id.* at PageID.28.

That same day, MetLife filed a motion to deposit the Plan funds with the Court and to be dismissed as a defendant. ECF No. 6. It represented that it had no interest in the case or the Plan

- 2 -

benefits "other than acknowledging that such benefits are payable to the proper beneficiary." *Id.* at PageID.48.

On March 24, 2020, Judge Morris issued a report recommending that both motions be denied. ECF No. 14. She recommended denying Plaintiff Enos's and Defendant Wenta's joint motion to remand because:

> Although determining whether a change in designation of beneficiary was the product of undue influence sounds like a State Probate Court question rather than a topic for federal court, "claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law."

*Id.* at PageID.170 (quoting *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000)).

Judge Morris further recommended denying MetLife's motion to deposit the Plan funds with the Court because:

> It is understandable that Met Life would like to simply turn the life insurance proceeds over to the court and then let the court decide to whom the proceeds should be paid. This process would meet some of the underlying rationale for interpleader actions. However, this action was not filed as an interpleader action, nor was it removed on that basis. It was filed by Plaintiff and it was removed by Defendant Met Life based not on interpleader but rather based on federal question jurisdiction under ERISA. I suggest that Defendant Met Life cannot have it both ways, asserting federal question jurisdiction for removal and then attempting to characterize the jurisdictional basis under interpleader. I also note, on a more obvious note, that this case was not filed by Met Life as Plaintiff seeking interpleader under § 1335. More importantly, as noted above, diversity of citizenship is not met in this case.

*Id.* at PageID.172–73.

Only MetLife filed an objection to the report. ECF No. 15. The Court determined that MetLife could not be dismissed on the basis of interpleader because it did not meet the diversity requirements of the interpleader statute. ECF No. 21. Inasmuch, Defendant MetLife's objection will be overruled. The Court directed Plaintiff and Defendant Wenta to submit supplemental

briefing explaining why MetLife should not be permitted to deposit the policy funds with the Court pursuant to Federal Rule of Civil Procedure 67 and be dismissed. *Id.* Rule 67 provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. Pr. 67.

Plaintiff has also filed a motion to compel and a motion to strike a supplemental brief filed by Defendant MetLife. ECF Nos. 17, 24. Defendant MetLife has filed a motion for a protective order. ECF No. 18.

## I.

In her supplemental briefing, Plaintiff explained, "In the event the funds at issue are deposited pursuant to Rule 67, Plaintiff would not be seeking relief from Defendant MetLife per se." ECF No. 22 at PageID.392. However, Plaintiff continues by stating, "The Plaintiff does object to the dismissal of Defendant MetLife, once it has deposited the funds, pursuant to Rule 21 or any other applicable rule." *Id.* It is unclear why Plaintiff initially states that it does not intend to seek relief from MetLife, but then immediately afterwards objects to MetLife's dismissal.

Federal Rule of Civil Procedure 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. As explained by Plaintiff, "on just terms" means "without gratuitous harm to the parties." *Harris v. Gerth*, 2008 WL 5424134, at *5 (E.D. Mich. Dec. 30, 2008).

Plaintiff has not demonstrated how she or Defendant Wenta would be harmed by MetLife's dismissal. She argues that MetLife's "presence remains acceptable under the standards for permissive joinder." ECF No. 22 at PageID.394. Permissive joinder may allow MetLife to be a

party to this action, but it does not establish that its dismissal will harm any of the remaining parties. Solely because a party *may* remain part of a lawsuit does not mean that it *should* remain a part of a lawsuit. As explained in the Court's previous order:

> The only relief that Plaintiff seeks in her complaint from MetLife is the Plan funds. Nothing more. After depositing the Plan funds, Metlife presumably would have no other role to play as a party in the litigation, notwithstanding the fact that its employees might be relevant witnesses. Plaintiff has filed a motion to compel depositions for certain MetLife employees. However, MetLife does not have to be a party to the litigation in order for Plaintiff to obtain these depositions. Such information can be obtained through a subpoena.

ECF No. 21 at PageID.390-91 (citations omitted). Plaintiff has not articulated why MetLife should remain a defendant in this case after depositing the Policy funds with the Court. Accordingly, MetLife will be dismissed as a defendant as provided in Section III.

Additionally, Plaintiff's motion to strike MetLife's supplemental brief, ECF No. 24, will be denied as moot. The Court elected to disregard MetLife's supplemental brief in determining that MetLife would be dismissed as a defendant.

**II.**

In her motion to compel, Plaintiff represents that Defendant MetLife is refusing to permit the depositions of three MetLife employees. ECF No. 17. In response, MetLife filed a motion for protective order, contending that all three employees have signed affidavits attesting to the fact that they have "no knowledge, personal or otherwise, regarding the issues in this case." ECF No. 18 at PageID.242. To the contrary, Plaintiff represents that one employee, Aaron Polselli, spoke with Defendant Wenta over the phone and that Defendant Wenta stated that the decedent was unconscious. ECF No. 19 at PageID. 356-358. Plaintiff claims that the call was made on April 2, 2019, before the Policy's beneficiary designation was changed. Defendant Wenta denies making such a statement or speaking on the phone with Mr. Polselli. MetLife represents that after learning

about the phone call from Plaintiff's counsel, it no longer objects to Plaintiff deposing Mr. Polselli. ECF No. 20 at PageID.381. Plaintiff will be permitted to depose Mr. Polselli.

Plaintiff's motion to compel the depositions of the two other employees will be denied because Plaintiff has not demonstrated that they were involved in the phone call with Defendant Wenta or that they have any personal knowledge of the facts at issue in this case.

### III.

Accordingly, it is **ORDERED** that Defendant MetLife's objection, ECF No. 15, is **OVERRULED**.

It is further **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 14, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's and Defendant Wenta's joint motion to remand, ECF No. 5, is **DENIED**.

It is further **ORDERED** that Defendant MetLife's motion to deposit funds with the Court and be dismissed pursuant to the Interpleader Act, ECF No. 6, is **DENIED**.

It is further **ORDERED** that Defendant MetLife is **DIRECTED** to deposit the Policy funds with the Clerk of Court pursuant to Federal Rule of Civil Procedure 67 by **August 11, 2020**.

It is further **ORDERED** that upon depositing the funds, Defendant MetLife is **DIRECTED** to file a notice of deposit with the Court. At such time, Defendant MetLife will be dismissed as a Defendant pursuant to Federal Rule of Civil Procedure 21.

It is further **ORDERED** that Plaintiff's "Motion to Strike Defendant MetLife's Supplemental Reply Brief," ECF No. 24, is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's Motion to Compel, ECF No. 17, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may depose Aaron Polselli.

It is further **ORDERED** that Defendant's Motion for Protective Order, ECF No. 18, is **GRANTED IN PART AND DENIED IN PART**.

Dated: July 30, 2020                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge